## The EAST–HADDAM BANK *against* SHAILOR and others.

Where *A* and *B*, representing to *D*, that they were under an engagement jointly with *C*, to furnish a large quantity of stone to *E*, applied to *D* to lend moneys to them in aid of that engagement, which *D* agreed to do, taking, as security for the moneys so to be advanced, the promissory notes of *E*, payable to *C*, and indorsed by *A*, *B* and *C ; D* accordingly advanced moneys on such notes, supposing, from the conduct and declarations of *A*, *B* and *C*, that they were all jointly interested in the contract to furnish stone to *E*, and in the moneys advanced in aid thereof, though *C* was in fact only the agent of *A* and *B*, in this business; in an action brought by *D* against *A*, *B* and *C*, for the amount of the notes, declaring specially on the indorsement, with the money counts added, *A* and *C* did not object to a judgment against all, but this was resisted by *B ;* it was held, 1. that *B*, having united in the representations, upon the faith of which, *D* advanced the moneys, was estopped to claim that the defendants were not all so interested ; 2. that the consent of *C* obviated the objection of *his* want of interest ; 3. that the plaintiff was entitled to recover against all the defendants, either on the special counts, as against joint indorsers, or on the count for money had and received, that form of action being appropriate to the case.

THIS was an action of *assumpsit* against *Thomas Shailor*, *Thomas Shailor*, jun., and *Daniel Ventris*, as joint indorsers of three promissory notes, all made by *John Elwell*, payable to *Thomas Shailor*, jun., or order, and indorsed by the defendants. One of the notes, dated *August* 18th, 1839, was for the sum of 480 dollars, payable in seventy-five days ; another, dated *August* 22d, 1839, for 615 dollars, payable

in two months; and a third, dated *September* 18th, 1839, for 666 dollars, 57 cents, payable also in two months.

The declaration contained a special count upon each note, and the common money counts. The action was commenced *December* 13th, 1839.

The cause came on for trial before the superior court, at *Middletown, February* term, 1849; when the court found the following facts, and reserved the case for the advice of this court.

*Thomas Shailor,* the elder, and *Daniel Ventris,* in the fall of the year 1838, representing themselves to be under an engagement jointly with *Thomas Shailor,* jun., to furnish a large quantity of stone to *Elwell,* applied to the plaintiffs, to lend moneys to all the defendants, from time to time, as they might need, in aid of that agreement; to which request the plaintiffs assented. And it was arranged, that as security for the money to be so advanced, they were to receive the notes of *Elwell,* indorsed by the defendants. In pursuance of this arrangement, the plaintiffs, supposing from the conduct and declarations of the defendants, that they were jointly interested in the contract to furnish stone to *Elwell,* and in the moneys procured in aid thereof, did advance, from time to time, divers sums of money on notes signed by *Elwell,* and indorsed by the defendants, among which were the three notes in question. But the court further found, that *Thomas Shailor,* jun., resided in the city of *New-York,* and was in fact, only the agent of the other two defendants, to receive the stone furnished by them, and deliver it to *Elwell;* that he received the notes of *Elwell,* payable to himself, or order, which he indorsed, and transmitted to the other defendants, who also indorsed them; and he had no interest therein, except for commissions and disbursements.

The *Shailors* did not object to a judgment against all the defendants; but *Ventris* claimed, that no judgment could be rendered against him.

At the commencement of the trial, the plaintiffs exhibited a bill of particulars, stating the amount advanced on each note.

*McCurdy* and *Bulkley,* for the plaintiffs, contended, That they were entitled to judgment against all the defend-

*Middlesex,*
July, 1849.
───────────
East-Haddam
Bank
*v.*
Shailor.

ants. In support of this proposition, they insisted, 1. That a recovery might be had, on the special counts, against all the defendants, as joint indorsers. *Finch* v. *DeForest*, 16 *Conn. R.* 445.

2. That the defendants were all liable, under the common counts. They were so liable, first, as joint borrowers of the money, as stated in the bill of particulars. The time of credit had expired; they were all fixed as indorsers; and no duty remained but the payment of the money. *Fitch* v. *Bogue*, 19 *Conn. R.* 285. 291. *Eagle Bank* v. *Smith*, 5 *Conn. R.* 71. *Bill* v. *Porter*, 9 *Conn. R.* 30. *Porter* v. *Talcott*, 1 *Cowen.* 359. Secondly, they were estopped, by their representations to the plaintiffs, inducing them to make the loan, to deny their joint liability. *Brown* v. *Wheeler*, 17 *Conn. R.* 345., and other cases. Thirdly, the action for money had and received is a form of action appropriate to a case like this. Fourthly, the giving of *Elwell's* notes was no extinguishment of their indebtedness, and no obstacle to a recovery on the money counts. *Sto. Prom. Notes*, 107. 478. 533. *Hinsdale* v *Eells*, 3 *Conn. R.* 377. 385. *Eagle Bank* v. *Smith*, 5 *Conn. R.* 71. *Bill* v. *Porter*, 9 *Conn. R.* 23. *Raymond* v. *Merchant*, 3 *Cowen*, 147. On the contrary, it is well settled, that an indorsee may recover against an indorser, on the money counts. See, besides the cases above cited, *Ellsworth* v. *Brewster*, 11 *Pick.* 316. *Hodges* v. *Holland*, admx., 16 *Pick.* 395. *State Bank* v. *Hurd*, 12 *Mass. R.* 172. 3 *U. S. Dig.* 304.

3. That if a recovery cannot be had against *T. Shailor*, jun., it may still be had against the other defendants. *Stat.* 88. § 150. There is no exception in this statute of suits pending. And as it affects the plaintiff's *remedy* only, it is not objectionable as being *retrospective* in its operation. It merely regulates a matter of *pleading*. But if it were otherwise, its retrospective operation would not invalidate it. *Goshen* v. *Stonington*, 4 *Conn. R.* 209. and other cases of that class.

*Baldwin* and *Clark*, for the defendants, contended, That the plaintiffs were not entitled to judgment. They insisted, 1. That there could be no recovery on the special counts. The defendants are sued as joint indorsers of three several

promissory notes. The notes show, that the defendants are several indorsers, or, at the utmost, that two of them only are joint indorsers. 1 *Chitt. Plead.* 31. & seq.

2. That the objection to a recovery on the general counts, is equally decisive. The notes were not received as collateral security for moneys lent, but were discounted, and uniformly treated by the plaintiffs as discounted notes; and the moneys claimed in the bill of particulars, are the avails of these notes. Hence, the notes are, in effect, the only evidence produced in support of the general counts. *Thomas Shailor*, jun., was not a joint contractor with the other defendants, but simply their agent; and consequently, there is no privity of contract between the parties. 2 *Stark. Ev.* 305. 306. 2 *Greenl. Ev.* 98.

3. That the conclusion is not varied, by the admissions of *Thomas Shailor*, for himself and *Thomas Shailor*, jun. The plaintiffs have all the security, for which they originally stipulated; and, by adopting proper proceedings, they have a perfect remedy against all the defendants. No testimony is necessary to enhance the obligation of the defendants, in appropriate actions against them, or to revive the liability of a co-defendant. The fact of a joint interest is the very point in dispute; and the admission of a co-defendant on such a point, operates only against himself. 1 *Greenl. Ev.* 229.

4. That the act of *June* 22d, 1848, (*Stat.* 88.) does not aid the plaintiffs. It was passed several years after the commencement of the present action. It is not explicitly retrospective; and it does not appear, from the terms of it, or in any other manner, that it was intended to have a retrospective effect. The court, therefore, will not give it such an effect by implication. *Goshen* v. *Stonington*, 4 *Conn. R.* 209. *Thames Manufacturing Co.* v. *Lathrop* & al., 7 *Conn. R.* 550. *Perkins* v. *Perkins*, 7 *Conn. R.* 558. *Brewster* v. *McCall's* devisees, 15 *Conn. R.* 290. *Bridgeport* v. *Housatonic Rail-road Co.*, 15 *Conn. R.* 496. & seq.

Waite, J. The rule of law, founded upon the soundest principles of morality, is, that where one, by his words or conduct, wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief,

so as to alter his own previous position, the former is concluded from averring against the latter, a different state of things as existing at the same time.  *Pickard* v. *Sears* & al., *9 Adol. & Ell.* 469.  (33 *E. C. L.* 115.)  *Brown* v. *Wheeler*, 17 *Conn. R.* 353.   *Kinney* v. *Farnsworth*, 17 *Conn. R.* 361.  *Roe* v. *Jerome*, 18 *Conn. R.* 153. 163.

*Ventris* and *Shailor*, the elder, having represented to the plaintiffs, that they and *Shailor*, the younger, were jointly interested in the contract with *Elwell*, and in the moneys loaned by the plaintiffs in aid of such contract, and thereby having obtained the plaintiffs' moneys, are now estopped from saying, that the defendants were not so interested.  The plaintiffs having acted upon the faith of such representations, have a right to treat them as jointly indebted with the other defendants.

Not so with *Shailor*, the younger.  He was no party to these representations ; and of course, is not estopped by them.  But he consents that judgment may be rendered against him jointly with the others.   Such judgment, therefore, may properly be rendered, on the ground that one consents to be treated as a joint debtor, and the others are estopped from showing that they are not such.

We see no objection to the form of the declaration.  The plaintiffs, in the special counts, allege, that the notes were made by *Elwell*, payable to *Thomas Shailor*, jun., and indorsed by him and the other defendants.  According to the representations made to the plaintiffs, they had a right to treat the notes of *Elwell*, as the joint property of the defendants, and their indorsements as joint, and not several.

And then as to the common counts.   The court has found, that the moneys of the plaintiffs were loaned, and the notes of *Elwell* taken as security.   The count for money had and received is manifestly appropriate.   We therefore advise the superior court to render judgment against all the defendants, for the amount of the plaintiffs' demand.

In this opinion the other Judges concurred.

Judgment for the plaintiffs
against all the defendants.